(No. 77-CC-1874—

LOREN HARDESTY, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed February 14, 1984.*

LOREN HARDESTY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This matter comes before the Court on Respondent's motion to dismiss.

The Claimant, an electrician who worked for the State, is seeking retroactive compensation based on a difference between the union scale agreed to by the industry and the prevailing rate paid by the State during the interim period between the date of the industry labor agreement and the time the State changed its prevailing rate scale. The issue involved in this case has long been settled and is exemplified by the case of *Hollender v. State* (1944), 14 Ill. Ct. Cl. 40, wherein this Court stated in effect that merely because contractors in a particular locality agreed to recognize and pay an increase in the hourly wage demanded by the union, the State, not having been a party to the agreement, is not bound to pay the same scale unless and until it agrees to do so. The State is therefore free to set its own policy as to prevailing rates.

This Court supports the long-standing policy of the State concerning prevailing wage rates. That policy as set forth in a Department of Personnel memorandum dated September 20, 1974, is basically as follows:

1. International unions submit the industry contracts to the Department of Labor.

2. The Department of Labor applies its time stamp upon receipt of union contracts.

3. The Department of Labor forwards the time-stamped copies of the contracts to the Department of Personnel.

4. The Department of Personnel edits the contracts to remove "pyramid" items and adjusts the hourly rates accordingly.

5. Prevailing rates which are time-stamped before midnight of a calendar quarter and which have contractually effective dates on or before said quarter are released to be effective on that quarterly date (January 1, April 1, July 1, October 1).

6. Prevailing rates which are time-stamped after midnight of the appropriate quarter are held for release on the first day of the next quarter. For example: A negotiated effective rate is April 1. The time stamp is April 2. The release date for the Department of Personnel will be July 1.

The Department of Labor received and applied its time stamp to the first contract upon which the Claimant bases his claim on June 24, 1974. In accordance with the policy of the Department of Personnel as set forth above, this contract was released to be effective on the first day of the quarter following its receipt by the Department of Labor, which was July 1, 1974.

The second contract relied on by the Claimant was received and stamped by the Department of Labor on June 18, 1975. In accordance with the above-mentioned policy of the Department of Personnel, this contract was also released to be effective on the first day of the quarter following its receipt by the Department of Labor, which was July 1, 1975.

Since this claim is for retroactive compensation for periods of time prior to the release dates by the Department of Personnel for the effective application of these contracts, this claim must be, and hereby is, dismissed.